IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARNULFO SANCHEZ, §<br>    #02274390, §<br>              PETITIONER, §<br>  §<br>V. §<br>  §<br>DIRECTOR, TDCJ-CID §<br>              RESPONDENT. § | CIVIL CASE NO. 3:23-CV-332-N-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Arnulfo Sanchez's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, Sanchez's habeas petition should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

In 2019, a jury convicted Sanchez of continuous sexual abuse of a child under 14 and sentenced him to 32 years' incarceration. *Sanchez v. State*, No. F18-75093 (363rd Judicial Dist. Ct., Dallas Cnty., Tex., June 20, 2019); Doc. 1 at 1. The Fifth District Court of Appeals affirmed his conviction on direct appeal. *Sanchez v. State*, No. 05-19-00766-CR, 2020 WL 4669879 (Tex. App.—Dallas Aug. 12, 2020, no pet). On October 16, 2020, Sanchez was granted an extension

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

to December 15, 2020, to petition for discretionary review (PDR), but he failed to do so. *Sanchez v. State*, No. PD-0989-20 (Tex. Crim. App. 2020).[2] Subsequently, Sanchez unsuccessfully sought state habeas relief. *Ex parte Sanchez*, No. WR-94,264-01 (Tex. Crim. App. Mar. Nov. 9, 2022).[3]

On February 10, 2023, Sanchez filed this federal habeas petition.[4] Doc. 1 at 1. He challenges the sufficiency of the evidence and alleges he was deprived of a fair trial because of prosecutorial misconduct. Doc. 1 at 5-7. In the section of the form pleading asking him to address the timeliness of his petition, Sanchez asserts that he "was denied [his] single bite at the Great Writ." Doc. 1 at 13. He explains that "[b]ecause the trial court conducted no hearing, and filed no findings of fact and conclusions of law with respect to my grounds, there was nothing for the Court of Criminal Appeals to look through to upon which to base their decision." Doc. 1 at 13.

As his federal petition appeared untimely, the Court directed Sanchez to respond regarding the application of the one-year limitations period. Doc. 8. To date, however, he has failed to do so. That notwithstanding, a review of the petition reveals it is indeed barred by the applicable statute of limitations.

---

[2] The PDR docket is available at https://search.txcourts.gov/Case.aspx?cn=PD-0989-20&coa=coscca [https://perma.cc/UJC3-P66Y] (last accessed June 14, 2023).

[3] The Texas Court of Criminal Appeals' docket is available at https://search.txcourts.gov/Case.aspx?cn=WR-94,264-01&coa=coscca [https://perma.cc/NR4G-CFHH] (last accessed on June 14, 2023).

[4] The federal petition was filed in the Southern District of Texas and then transferred to this Court. Doc. 1; Doc. 3.

## II. ANALYSIS

### A. One-Year Statute of Limitations and Statutory Tolling

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider sua sponte after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006). Sanchez does not allege any facts that could trigger a starting date under Subsections 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

Sanchez's conviction became final for purposes of § 2244(d)(1)(A) on December 15, 2020, the last day on which he could have filed a timely PDR pursuant to the Court of Criminal Appeals' order of extension in No. PD-0989-20. *Dolan v. Dretke,* 168 F. App'x 10, *11 (5th Cir. 2006) (per curiam) (holding conviction is final upon expiration of extension of time for filing PDR because PDR is part of the direct review process under Texas law). Thus, the limitations period expired one year later, on December 15, 2021. And because Sanchez did not sign his state application until July 26, 2022, over seven months after the federal limitations period elapsed, he is not entitled to statutory tolling during its pendency.[5] *See* 28 U.S.C. § 2244(d)(2);

---

[5] The state application was received on September 1, 2022. But it is deemed filed on July 26, 2022, the date on which Sanchez indicated it was signed and, therefore, likely it was also handed to prison officials for mailing. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). The state application is available on the trial court's habeas docket by entering the case number (W1875093A) at

*Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the petition *sub judice*, deemed filed on January 25, 2023, is clearly outside the one-year limitations period, absent equitable tolling.[6]

### B. Equitable Tolling

Sanchez's filings, even when liberally construed based on his *pro se* status, do not present due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and quoted case omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). It is well established that unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

Furthermore, it is not as if Sanchez pursued "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (per curiam). As previously noted, he squandered the entire one-year period. Sanchez waited over seven months from the date his

---

https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed on June 14, 2023).

[6] The federal petition is deemed filed on January 25, 2023, the date Sanchez certifies placing it in the prison mail system. Doc. 1 at 15; *see* Rule 3(d) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("mailbox rule" applies when inmates use the prison's internal mailing system).

conviction became final to file his state habeas application and delayed more than two months after his state application was denied before he submitted his federal petition for mailing. Moreover, his *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (per curiam) ("[N]either a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

So Sanchez has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam).

### III. CONCLUSION

For all these reasons, the petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on June 16, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).